**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

In re: Keli Jo Harper                                                    Case No. 15-32763-KRH
Debtor                                                                             Chapter 13

**Debtor's Address: 1623 Hollandale Road
                  Henrico, Virginia 23238**

**Last Four Digits of Debtor's Social Security No.: xxx-xx-1895**

## NOTICE OF OBJECTION TO CLAIM

The above named Debtor has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified or eliminated and your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the court to eliminate or change your claim, then on or before August 7, 2015, you or your attorney must:

1. File with the court, at the address below, a written response to the objection and a request for a hearing. Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim. If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

    Clerk of Court
    United States Bankruptcy Court
    701 E. Broad Street, Room 4000
    Richmond, VA 23219-3515

2. You must also mail a copy to:

    Boleman Law Firm, P.C.
    PO Box 11588
    Richmond, VA  23230

Barry W. Spear (VSB# 39152)
Amanda Erin DeBerry (VSB #83805)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Debtor

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the objection and may enter an order granting that relief.

Dated: <u>July 8, 2015</u>                    BOLEMAN LAW FIRM, P.C.
                                         Counsel for Debtor

                                         By:  <u>/s/ Barry W. Spear</u>
                                             Barry W. Spear (VSB# 39152)
                                           Amanda Erin DeBerry (VSB #83805)
                                           Boleman Law Firm, P.C.
                                           2104 W. Laburnum Ave., Suite 201
                                           Richmond, VA 23227
                                           Telephone (804) 358-9900
                                           Counsel for Debtor

## **CERTIFICATE OF SERVICE**

    I certify that on <u>July 8, 2015</u>, a copy of the foregoing has been mailed via first class mail to the following:

James H. Wilson, Jr.
4860 Cox Road, Suite 200
Glen Allen, Virginia 23060

Suzanne E. Wade, Esquire
Chapter 13 Trustee
PO Box 1780
Richmond, Virginia 23219

                                           <u>/s/ Barry W. Spear</u>
                                           Counsel for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Keli Jo Harper                                              Case No. 15-32763-KRH
Debtor                                                                    Chapter 13

## OBJECTION TO CLAIM 3-1 AND MEMORANDUM IN SUPPORT THEREOF

***NOTICE OF TIME FOR FILING RESPONSE***

**NOTICE IS HEREBY GIVEN that pursuant to Local Bankruptcy Rule Number 9013-1(H)(3)(d) of the Eastern District of Virginia, the Court may enter an order without a hearing if no response is filed to this objection within 30 days.**

COMES NOW the Debtor, by counsel, and files this Objection to the Proof of Claim (Claim No. 3-1) filed by Arthur Mark Harper, pursuant to 11 U.S.C. § 502, Federal Rules of Bankruptcy Procedure 3001, 3007 and 9014, and Local Bankruptcy Rules 3007-1 and 9013-1.  In support thereof, Debtor respectfully states the following:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor, a Chapter 13 case having been filed in this Court on May 28, 2015 (hereinafter the "Petition Date").

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409

Barry W. Spear (VSB# 39152)
Amanda Erin DeBerry (VSB #83805)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Debtor

### Parties

4. Debtor, Keli Jo Harper (hereinafter "Debtor"), is the Debtor in this case.

5. Respondent Arthur Mark Harper (hereinafter "Respondent") is a creditor who, by counsel, filed a Proof of Claim designated by the Court as Claim No. 3-1 in this case.

### Facts

6. A Modified Plan was filed on June 25, 2015. The Plan provided for Respondent's claim to be classified as an unsecured, non-priority claim in the amount of $18,230.35.

7. Respondent, through Counsel, has filed an Objection to Confirmation of Amended Plan, a Motion for Relief, and an Adversary Proceeding seeking a determination of the dischargeablity of this debt.

8. Respondent's Proof of Claim sets forth its claim as follows: Priority Unsecured under 11 U.S.C. §507(a) in the amount of $18,230.35.

9. Respondent originally attached the Divorce Decree and Separation and Property Settlement agreement to the Proof of Claim.

10. The attachment to the Proof of Claim was subsequently withdrawn due to its inclusion of the social security number of the debtor.

11. No payment history was attached to the Proof of Claim.

12. Debtor and Respondent entered into a Separation and Property Settlement Agreement on April 11, 2011, which was ratified, approved, confirmed, and incorporated into a final divorce decree entered on June 15, 2011.

13.   Upon information and belief, Respondent justifies his claim as priority based upon the divorce decree and/or property settlement agreement, which he purports to be a domestic support obligation in accordance with 11 U.S.C. §507(a)(1).

14.   Debtor's classification of Respondent's claim is correct as a general unsecured non-priority debt owed to the Respondent and not in the nature of support in accordance with 11 U.S.C. §507(a)(1).

15.   The preliminary hearing on the Motion for Relief is scheduled for July 15, 2015. The initial pre trial conference in the Adversary Proceeding is set for July 29, 2015.

## Discussion

16.   Pursuant to 11 U.S.C. § 502(a), a claim is "deemed allowed, unless a party in interest . . . objects."

17.   Pursuant to 11 U.S.C. § 502(b)(1), where an objection is made to a claim, the Court shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . [ ] such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ."

18.   Pursuant to 11 U.S.C. § 507(a)(1)(A), a "domestic support obligation" is a priority claim.

19.   Pursuant to 11 U.S.C. § 101(14), the term "domestic support obligation" is defined as "a debt that accrues before, on, or after the date of the order for relief in a

case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

    (A) owed to or recoverable by—

        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

        (ii) a governmental unit;

    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

    (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

        (i) a separation agreement, divorce decree, or property settlement agreement;

        (ii) an order of a court of record; or

        (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

    (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt."

    20.    Debtor hereby objects to Respondent's claim on the grounds that it is not entitled to priority status, as it is not in the nature of a domestic support obligation in accordance with the clear, unambiguous terms of the property settlement agreement, which was incorporated into the divorce decree.

21. The factors that the Court will consider in determining whether a claim is in the nature of support are: (1) whether, at the time of the agreement, any evidence demonstrates overreaching, (2) the language and substance of the agreement, (3) the parties' financial circumstances at the time of the agreement, and (4) the role of the obligation at the time of the agreement. In re Crosby, 229 B.R. 679, 681 (Bankr. E.D.Va. 1998) (citing Catron v. Catron (In re Catron), 164 B.R. 912, 919 (E.D.Va), *aff'd* 43 F.3d 1465, No. 94-1279 (4th Cir. ) (unpublished)).

**Argument**

A. Claim 3-1 is NOT a Domestic Support Obligation and therefore NOT entitled to Priority Status

*i.  Whether, at the time of agreement, any evidence demonstrates overreaching*

22. Upon information and belief, both Debtor and Respondent were represented by attorneys at all times relevant to the execution of the property settlement agreement and the final divorce decree.

23. Courts have previously found that the fact that both parties were represented by attorneys meant that there was no evidence of overreaching. *Ferraro v. Ballard (In Re Ballard)* 2001 WL 1946239 (Bankr.E.D.Va.) (*stating that* "an attorney represented each party…[and] there is simply no evidence whatsoever in this record of overreaching….).

*ii. The language and substance of the agreement*

24. Paragraph 2 of the Property Settlement Agreement states, in relevant part:

> "The parties stipulate and agree that each waives any current claim or any future claim for alimony, maintenance and support, and do hereby expressly release the other from any and all claims for alimony and/or support and maintenance."

25. Paragraph 27 of the Property Settlement Agreement states, in relevant part:

> "The parties hereto stipulate and agree that as to any liability or other debt which is assumed hereunder, the same is assumed in lieu of spousal support, and as such shall be non-dischargeable in bankruptcy. To the extend that either party is required to incur expenses or attorney's fees as a result of the other's party filing for protection shall be liable for any attorney's fees or costs incurred by either party."

26. The Debtor and Respondent signed the Property Settlement agreement on April 11, 2011.

27. Debtor has been making payments of approximately $140.00 per month directly to the creditor, in lieu of the lump sum, with the knowledge of Respondent. A total of approximately $4,467.65 has been paid by the Debtor directly to the creditor since September of 2012.

28. Language in the agreement stating that these debts owed were "in lieu of spousal support" is not sufficient to render the debt spousal support. This statement, in fact, indicates Respondent's understanding that he would not, in fact, be receiving spousal support. In lieu of that, he is owed an unsecured debt that is dischargeable in bankruptcy.

29. The agreement of the parties that the liabilities under the Property Settlement Agreement were "in lieu of spousal support" illustrates in plain language that they were NOT seeking spousal support, and furthermore they explicitly waived their right to the same in Paragraph 2 of the Agreement.

### *iii. The parties' financial circumstances at the time of the agreement*

30. Upon information and belief, Respondent was making more money than the Debtor at the time of the agreement.

31. Upon information and belief, both Debtor and Respondent were employed at the time of the agreement.

### *iv. The role of the obligation at the time of the agreement*

32. Debtor and Respondent agreed in the Property Settlement Agreement that Respondent would refinance their joint obligation to ACS into his name only. In conjunction with that agreement, Respondent was to refinance on or before April 30, 2012, and Debtor was to pay a lump sum of $18,230.35 directly to ACS within 90 days of the refinance.

33. Upon information and belief, Respondent did not complete his obligation in a timely fashion.

34. Debtor was unable to perform the second part of the obligation, and does not dispute that she does owe the Respondent a debt that should be properly classified as a general unsecured claim.

35. Debtor does dispute the amount owed of $18,230.35, as she has made payments towards the debt over the last four (4) years. Approximately $4,467.65 has been paid to the creditor since 2012. The breakdown of the application of the payments by the creditor is unknown at this time and the Debtor will present evidence as to the exact balance owing.

36. The intent of the parties was to compensate Respondent for his obligation to assume responsibility for the loan, it was not intended to be in the nature of support.

37. Respondent refinanced the debt that he was formerly jointly obligated on with the Debtor as a part of equitable negotiations pursuant to divorce.

B.  The Proof of Claim Fails to Account for Amounts Paid Towards the Debt

38. Debtor objects to the Proof of Claim to the extent that the claim amount is inaccurate in that it fails to account for payments that Debtor has made towards the debt.

39. Debtor began making payments of approximately $140.00 a month in 2012, and continued making payments of $140.00 per month though May of 2015.

WHEREFORE, Debtor respectfully requests that the Court: (1) sustain this Objection to Claim, (2) disallow the claim to the extent it asserts priority status, (3) disallow the claim to the extent that it has already been paid, (4) allow the claim as a non-priority unsecured claim, and (5) order such other and further relief as is just and proper.

Respectfully submitted,
**Keli Jo Harper**


By: /s/ Barry W. Spear_____
Barry W. Spear (VSB# 39152)
Amanda Erin DeBerry (VSB #83805)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Debtor

## **CERTIFICATE OF SERVICE**

      I certify that on <u>July 8, 2015</u>, a copy of this Objection to Claim has been mailed via first class mail to the following:

James H. Wilson, Jr.
4860 Cox Road, Suite 200
Glen Allen, Virginia 23060

Suzanne E. Wade, Esquire
Chapter 13 Trustee
PO Box 1780
Richmond, Virginia 23219

                                            <u>/s/ Barry W. Spear</u>
                                            Counsel for Debtor